FILED
IN CLERK'S OFFICE
U.S. D[ISTRICT] C[OUR]T E.D.N.Y.
★   JUL 20 2005   ★
P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ABDULGHEFUR ABDUL HASSAN,

                Petitioner,

    -against-

UNITED STATES OF AMERICA,

                Respondent.
------------------------------------------------------------X

05 CV 1796 (SJ)
**MEMORANDUM AND ORDER**

APPEARANCES

MICHAEL W. WARREN
580 Washington Avenue
Brooklyn, NY 11238
Attorney for Petitioner

ROSLYNN R. MAUSKOPF, ESQ
United States Attorney
One Pierrepont Plaza, 14th Floor
Brooklyn, New York 11201
By:    Steven Weiser
Attorneys for Respondent

JOHNSON, Senior District Judge:

    Presently before the Court is a motion by Petitioner Abdulghefur Abdul Hassan ("Petitioner") to vacate, set aside, or correct the sentence imposed under docket number 03 CR 0171, pursuant to 28 U.S.C. § 2255. Petitioner asserts that his sentence should be reduced under United States v. Booker, 125 S. Ct. 738 (2005), and

1

United States v. Fanfan, 125 S. Ct. 738 (2005). For the reasons stated herein, Petitioner's motion is DENIED.

## BACKGROUND

On January 6, 2005, Petitioner pleaded guilty to one count of conspiracy to structure financial transactions to evade reporting requirements, and was sentenced to 36 months imprisonment. Under the plea agreement assented to by Petitioner, Petitioner waived the right to appeal or collaterally attack any sentence that did not exceed 41 months. The Supreme Court decided Booker and Fanfan on January 12, 2005. Petitioner did not file a notice of appeal.

## DISCUSSION

The Court finds that Petitioner's waiver of the right to appeal or collaterally attack a sentence of 41 months or less forecloses Petitioner's § 2255 motion. The Second Circuit has held that collateral attacks under § 2255 are barred by waivers such as the one in the instant case. Garcia-Santos v. United States, 273 F.3d 506, 508–09 (2d Cir. 2001). Petitioner has not suggested that this waiver was not voluntary, knowing, or intelligent, as required to undermine the validity of such a waiver, see, e.g., United States v. Stevens, 66 F.3d 431, 437 (2d Cir. 1995). Rather, Petitioner claims, in effect, that he should be released from this waiver in light of subsequent Supreme Court decisions. However, the Second Circuit has also held that a waiver of the right to appeal or otherwise challenge a sentence applies to grounds that arise after

2

the entry of the plea. Garcia-Santos, 273 F.3d at 508–09. Accordingly, this Court finds that the waiver must be upheld and Petitioner's § 2255 motion must be denied.

## CONCLUSION

For the reasons stated herein, Petitioner's 28 U.S.C. § 2255 motion is DENIED. For a certificate of appealability to issue, petitioner must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A substantial showing "does not require a petitioner to demonstrate that he would prevail on the merits, but merely that 'reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.'" Santana v. United States, 2005 WL 180932, at *7 (S.D.N.Y. Jan. 26, 2005) (quoting Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002)) (internal quotation marks and citation omitted). Petitioner has made no substantial showing of the denial of a constitutional right in this case. Accordingly, this Court denies a certificate of appealability.

The Clerk of Court is directed to enter a final judgment of dismissal and to close the case.

SO ORDERED.

Dated: July 15, 2005
      Brooklyn, New York

s/SJ
Senior U.S.D.J.

3

P-049